**LAW OFFICES OF NICHOLAS J. PALMA, ESQ., P.C.**
**Valerie Palma DeLuisi, Esq.**
1425 Broad Street, Second Floor
Clifton, New Jersey 07013
Phone: 973-471-1121
Facsimile: 973-472-0032
VPD@PalmaLawFirm.com
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL CAPODANNO, PETER CORBO, ANTHONY DEMEO, DENNIS KIHLBERG, NORBERTO MOITA and CARISA SANTIAGO RYALS,<br>         Plaintiffs,<br><br>     v.<br><br>COUNTY OF ESSEX,<br>         Defendant. | **COMPLAINT & JURY DEMAND** |

**PLAINTIFFS MICHAEL CAPODANNO, PETER CORBO, ANTHONY DEMEO, DENNIS KIHLBERG, NORBERTO MOITA and CARISA SANTIAGO RYALS**, by and through their undersigned counsel, Valerie Palma DeLuisi, Esq. of the Law Offices of Nicholas J. Palma, Esq., P.C., by way of Complaint against **DEFENDANT COUNTY OF ESSEX**, do hereby state as follows:

### PARTIES

1.  **PLAINTIFF MICHAEL CAPODANNO**, for all times relevant herein, was and is employed by the County of Essex, as a Sergeant of Essex County Sheriff's Office.

2.  **PLAINTIFF PETER CORBO**, for all times relevant herein, was and is employed by the County of Essex, as a Captain of Essex County Sheriff's Office.

3. **PLAINTIFF ANTHONY DEMEO**, for all times relevant herein, was and is employed by the County of Essex, as a Captain of Essex County Sheriff's Office.

4. **PLAINTIFF DENNIS KIHLBERG** was employed by the County of Essex, as a Sergeant of Essex County Sheriff's Office, from the commencement of the statutorily relevant time period until his retirement on August 1, 2021.

5. **PLAINTIFF NORBERTO MOITA**, for all times relevant herein, was and is employed by the County of Essex, as a Sergeant of Essex County Sheriff's Office.

6. **PLAINTIFF CARISA SANTIAGO RYALS**, for all times relevant herein, was and is employed by the County of Essex, as a Captain of Essex County Sheriff's Office.

7. **DEFENDANT COUNTY OF ESSEX** is a governmental entity organized under the laws of the State of New Jersey, with its principal offices located at the Hall of Records, 465 Dr. Martin Luther King, Jr. Blvd., in the City of Newark, County of Essex, State of New Jersey.

## JURISDICTION

8. United States District Court for the District of New Jersey has original subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1331.

9. United States District Court for the District of New Jersey has supplemental jurisdiction over New Jersey State Law claims that form part of within case and controversy, pursuant to 28 U.S.C. § 1367.

## VENUE

10. Venue is properly vested in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, as Plaintiffs and Defendant reside or are headquartered in

the State of New Jersey, and the claims herein arose within the jurisdictional limits of the United States District Court for the District of New Jersey.

## FACTUAL BACKGROUND

11. Plaintiffs Capodanno, Corbo, DeMeo, Moita and Santiago Ryals are sworn law enforcement Superior Officers of the Essex County Sheriff's Office.

12. Plaintiff Kihlberg is a retired Superior Officer of the Essex County Sheriff's Office.

13. Plaintiffs Capodanno, Corbo, DeMeo, Moita and Santiago Ryals are members of PBA Local 183A, the collective bargaining majority representative for Essex County Superior Officers.

14. Until his retirement, Plaintiff Kihlberg was a member of PBA Local 183A.

15. The collective negotiations agreement for PBA Local 183A is silent with regard to payment for on-call time and work performed virtually.

16. Plaintiffs were all issued cell phones by Essex County Sheriff's Office, and all Plaintiffs with the exception of Kihlberg were also issued take-home Sheriff's Office vehicles equipped with lights and sirens.

17. All Plaintiffs were, and with the exception of Plaintiff Kihlberg still are, required to answer calls from Essex County Sheriff's Office immediately, at all times of the day and night, even while on vacation.

18. Calls to Plaintiffs from Essex County Sheriff's Office require an immediate response.

19. For the statutorily relevant time period, Plaintiffs performed many hours of work for Defendant for which they were not paid. These hours consisted of time spent working virtually and time spent "on-call".

20. For the statutorily relevant time period, especially since March 2020, individuals above Plaintiffs on the chain of command, including Undersheriffs, received large amounts of overtime compensation, including compensation for work they performed virtually.

21. As a result of Defendant's actions, Plaintiffs have suffered and continue to suffer severe and substantial monetary damages.

**COUNT ONE**
**VIOLATION OF 29 U.S.C. § 203, *et seq.*** 
**KNOWN AS THE FAIR LABOR STANDARDS ACT**
**("FLSA")**

22. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs of this Complaint, as if set forth at length herein.

23. Defendant County of Essex is both an employer and a public agency, as defined by the FLSA, 29 U.S.C. § 203.

24. At all times relevant herein, Plaintiffs were entitled to all rights, benefits and protections afforded by the FLSA.

25. At all times relevant herein, Defendant is and was fully aware of the provisions and requirements of the FLSA.

26. During the applicable statutory time period, Plaintiffs performed work for which they were not compensated in accordance with the FLSA. Particularly, Plaintiffs worked in excess of the statutory maximum number of hours provided for in the FLSA without receiving

compensation for such excess hours at a rate of one and one-half times the regular hourly rate of compensation.

27. In addition, during the applicable statutory period, Plaintiffs performed "on-call" duties by order of the Defendant, for which they were entitled to compensation but were not paid.

28. Because Defendant is and at all times relevant herein was aware that Plaintiffs are entitled to the aforementioned compensation, the failure by Defendant to compensate such overtime and "on-call" time is a knowing, willful and/or reckless violation of the FLSA, which extends the applicable time for which Defendant is liable to Plaintiffs, from two (2) years to three (3) years.

29. Defendant is liable to Plaintiffs for unpaid overtime compensation, unpaid "on-call" time compensation, liquidated damages in an equal amount to compensation, for reasonable attorney's fees and for costs of this action.

**WHEREFORE**, Plaintiffs hereby demand judgment against Defendant County of Essex as follows:

a) Judgment declaring that Defendant has willfully, recklessly and knowingly violated its statutory and legal obligations and deprived Plaintiffs of the rights, protections and entitlements afforded to them under federal law, including but not necessarily limited to the Fair Labor Standards Act, as alleged herein;

b) An Order for a complete and accurate accounting of all compensation owed to each Plaintiff by Defendant;

c) Monetary Damages for unpaid overtime and "on-call" time compensation, Liquidated Damages in an equal amount to unpaid compensation, Prejudgment and Post-judgment Interest, reasonable Attorney's Fees and Reimbursement for costs of this action; and

d) For such other relief as this Honorable Court deems equitable and just.

## DUTY TO PRESERVE

All applicable employment, training, payroll, telephone, email and/or other records pertaining to the within litigation are in the exclusive possession, custody and control of Defendant. Defendant is hereby notified of the duty imposed by 29 U.S.C. § 211(c) to maintain and preserve employment, training, payroll, telephone, email and/or other records with respect to the within Plaintiffs, so that the sum of Defendants' liability may be ascertained.

Additionally, Defendant is officially on notice of the legal duty to preserve any and all evidence relevant to the within action, in addition to the records outlined above. The additional evidence that must be preserved includes but is not limited to emails, letters, correspondence, memoranda, notes, journal entries, social media (Facebook, Twitter, LinkedIn, etc.) messages and status updates, tweets, text messages, instant messages, audio or video recordings, phone messages, voicemails, business documents and/or records of whatsoever nature or kind, personnel files, financial records and notes relating to those records, and/or any other documents or records in any form relating to the within Plaintiffs.

Should Defendant or any employee or agent thereof intentionally, recklessly, negligently or inadvertently destroy, alter, amend, change or adjust any of the above-referenced materials, including electronic correspondence between any of the Plaintiffs and Defendant or employee/agent thereof, sanctions will be sought in this litigation and an additional claim for spoliation/negligent concealment will be instituted.

## DESIGNATION OF TRIAL COUNSEL

**VALERIE PALMA DELUISI, ESQ.** is hereby designated as trial counsel for all Plaintiffs.

## **TRIAL BY JURY**

Plaintiffs hereby request trial by jury as to all matters so triable.

## **CERTIFICATION**

The undersigned attorney for Plaintiffs hereby certifies that to the best of her knowledge, information and belief, the matter is controversy is not the subject of any other action and/or arbitration proceeding, nor is any other action or arbitration proceeding contemplated at this time.

The undersigned further certifies that to the best of her knowledge, information and belief, no other party should be joined in the within action at this time.

                Respectfully Submitted,
                **LAW OFFICES OF NICHOLAS J. PALMA, ESQ., P.C.,**
                *Attorneys for Plaintiffs*

Dated: May 11, 2022        By: s/*Valerie Palma DeLuisi*
                                 Valerie Palma DeLuisi, Esq.